## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JEREMIAH COHEN<br>5540 Nevada Avenue, N.W.<br>Washington, DC 20015<br>            Plaintiff,<br><br>      v.<br><br>TABARD CORPORATION<br>1739 N St NW,<br>Washington, DC 20036<br><br>FELICE COHEN, Trustee<br>TABARD CORPORATION ESOP<br>1739 N St NW,<br>Washington, DC 20036<br><br>JACK VEALE<br>48 Walkley Road<br>West Hartford, CT  06119<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Plaintiff Jeremiah Cohen ("Plaintiff"), through his attorneys, challenges the actions of Defendant Tabard Corporation, Jack Veale ('Veale"), and Felice Cohen ("Mrs. Cohen") Trustee of the Tabard Corporation ESOP for breaches of fiduciary duty and for retaliating against him following his engaging in protected activity as the ESOP Plan Administrator and co-fiduciary to confirm whether certain advice and direction was consistent with the Employee Retirement Income Security Act ("ERISA").  In retaliation for his attempts to fulfill his fiduciary responsibility, Defendant Tabard Corporation, through Mrs. Cohen, engaged in unlawful employment actions, specifically terminating Plaintiff following his questioning plan allocation formulas, stock valuation, participant disclosures, and the accrual of benefits awarded to Mrs.

Cohen who "worked" less than 1000 hours per year for the Fiscal Years of 2008, 2009, 2010, 2011.  Defendant Mrs. Cohen, with the assistance of Jack Veale, breached her fiduciary duty to the ESOP by following his advice that she could continue to accrue benefits under the plan even though she was not working in a covered position for 1000 hours per year.  These breaches permitted contributions to be allocated to Mrs. Cohen's ESOP account and thus reduced allocations to participants who were working 1000 hours or more each plan year.  Further, Defendant Tabard Inn failed to pay Plaintiff all compensation he earned in violation of the District of Columbia Wage Payment and Collection Act, D.C. Code §32-1303 ("Wage Payment Act"), and breach of contract.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the subject matter of this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this Court under ERISA § 502(e)(2),  29 U.S.C. § 1132(e)(2), because Defendant Tabard Corporation conducts business in the District of Columbia, the ESOP is administered in the District of Columbia, Plaintiff worked in the District of Columbia, and the ERISA violations took place in the District of Columbia.

4. Venue is appropriate because Defendants Tabard Corporation and Mrs. Cohen are located in the District of Columbia, Plaintiff worked in the District of Columbia, and Defendants' actions occurred in the District of Columbia.

## PARTIES

5. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

6. Defendant Tabard Corporation operates and owns the Tabard Inn, a historic hotel and restaurant established in 1922 as a private corporation incorporated under the laws of the District of Columbia with its principal place of business in the District of Columbia.

7. The Tabard Corporation is an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5). Tabard Corporation is also the "plan sponsor" for the Tabard Corporation ESOP within the meaning of Section ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B) and the "plan administrator" within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A). As plan sponsor and plan administrator, Tabard Corporation is a "fiduciary" within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

8. Mrs. Cohen is the president and co-owner of Tabard Corporation, and a fiduciary of the ESOP plan, as she is the named Trustee of the plan.

9. As Trustee of the plan, Mrs. Cohen is charged with administering the ESOP for the benefit of all ESOP participants and beneficiaries; and, should not engage in activities that benefit herself to the detriment of the participant and beneficiaries of the ESOP.

10. Plaintiff was an employee of the Tabard Inn commencing June 1, 1993 and worked as the General Manager from May 1, 1995 until May 6, 2013, when he was terminated.

11. Plaintiff was also the ESOP Plan Administrator from 1998 until April 2013.

12. Veale is a consultant to the Tabard Corporation and to Mrs. Cohen in her capacity as Trustee to the ESOP, as his invoices reflect consultation work to the ESOP.

13. Because Veale directed Mrs. Cohen to engage in activities that were harmful to the ESOP, and inconsistent with the Internal Revenue Code, his advice contributed to Mrs. Cohen's breaches of fiduciary duty.

## FACTUAL ALLEGATIONS

14. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

15. Plaintiff worked for Defendant Tabard Corporation for almost 20 years, from June, 1993 to until May 6, 2013 when he was terminated.

16. In the late Spring of 2012 through the Fall of 2012, Plaintiff had begun inquiring about Jack Veale's proposed changes to the Tabard stock valuation and to the dates used to measure participant income for the purposes of participant allocations from calendar to fiscal year.

17. In an email, Plaintiff challenged why Mrs. Cohen was allowing Jack Veale to change the valuation of the Tabard Corporation stock and questions a loan from the ESOP that Veale was structuring.

18. In email, Plaintiff challenged why Veale was retroactively changing participant allocations, and questioned whether Mrs. Cohen's signature on a 2009 plan amendment had been forged.

19. On or about October 9, 2012, Plaintiff raised questions about a 2011 IRS audit in which the Agency argued that Mrs. Cohen's income should be treated as dividends not wages for Fiscal Years 2008, 2009, 2010 and 2011.  As such, if Mrs. Cohen's income was treated as dividends rather than wage income, she would not have a basis for "participation" in ESOP allocations at the end of Plan Years 2008, 2009, 2010 and 2011.

20. The Agency had opined that Mrs. Cohen was not an "employee" of Tabard Corporation per se and levied large penalties against Tabard Corporation for unreported income.  Plaintiff,

who clearly knew that Mrs. Cohen did not work 1000 hours per year during those four years, asked whether Mrs. Cohen should be accruing benefits in those years and future years, or whether the ESOP plan should be adjusted.

21. At an October 2012 meeting of the Board of Directors of Tabard Corporation, Veale expressed that Mrs. Cohen was exempt from the 1000 hour requirement, and counseled her accordingly.

22. At this same Board of Directors meeting, Mrs. Cohen instructed Plaintiff not to tell anyone.

23. Plaintiff continued to express concerns about how to treat Mrs. Cohen's pension record in light of the fact that she was not working 1000 hours.

24. On multiple occasions Veale threatened Plaintiff that if he did not "get in line with him and Mrs. Cohen on the ESOP he would be fired".

25. Around March 2013, Mrs. Cohen began a systematic campaign of dismantling the long-standing management staff, without cause, starting with Plaintiff. Mrs. Cohen allowed for an audio recording of the meeting in which Mrs. Cohen said the primary justification for the Plaintiff's demotion was related to the ESOP.

26. The actions commenced immediately following Plaintiff's expressed concerns that Mrs. Cohen was misrepresenting her hours worked for Tabard Corporation; thus such actions were retaliatory against Plaintiff for fulfilling his fiduciary responsibility, and seeking to protect his and other participants' benefits and secure appropriate future allocations.

27. As a result of Jack Veale's restatement of the Tabard Corporation ESOP for the years 2009, 2010, and 2011, Mrs. Cohen received approximately a fifty percent increase in her Tabard ESOP account while many other Tabard ESOP participants experienced a decline.

28. On the advice of Jack Veale, Mrs. Cohen demoted Plaintiff from General Manager position to Director of Business Development on March 19, 2013.  Plaintiff was told that his pay would remain the same, but that his significant annual bonus would be cancelled. Plaintiff was told that he would require an approved escort each time he was to enter the Tabard Inn and that he would need "professional therapy" as part of the new job. Plaintiff was told by that if he did not sign the new agreement immediately he would be terminated.  Plaintiff signed employment agreement under duress.

29. On or about April 12, 2013, Mrs. Cohen informed Plaintiff in a private meeting that "if you had just worked with Jack Veale, none of this would have happened."

30. Following that conversation, Plaintiff's pay was reduced by $500 per week.

31. Plaintiff was ultimately terminated on May 6, 2013.

32. At all relevant times, Defendant Tabard Corporation had a regular policy of allowing employees to accrue vacation pay indefinitely which was stated in their employee handbook.

33. At all relevant times, Defendant Tabard Corporation had a regular policy of paying employees their accrued vacation pay upon leaving their employment.

34. At the time Plaintiff was terminated on May 6, 2013, he had accrued 216 hours of paid vacation leave.

35. To date, Plaintiff is still owed 152 hours of accrued vacation pay which he was entitled to receive on May 7, 2013, the next working day after his termination.

## COUNT I:

## BREACH OF FIDUCIARY DUTY—29 U.S.C. §§ 1104, 1109; 29 U.S.C. § 1132(a)(3)(B)

36. Plaintiff realleges and incorporates by reference the allegations set forth above.

37. Plaintiff is a "participant" in the ESOP, within the meaning of 29 U.S.C. § 1002(7), as he was an employee of Tabard Inn and was eligible to receive benefits from his employer's pension benefit plan.

38. Defendant Mrs. Cohen is a fiduciary with respect to the plan, as the trustee exercising control over the plan administrator or other parties responsible for the management or administration of the plan, but only the Tabard Corporation Board of Directors, not Mrs. Cohen, has the authority to appoint or remove the plan administrator or other fiduciaries.

39. Pursuant to 29 U.S.C. § 1104, Mrs. Cohen had an unequivocal duty to administer and manage the plan solely in the interest of plan participants and to use the care, skill, prudence, and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

40. Mrs. Cohen has permitted the plan to be administered to document that she worked the required 1000 hours per year as well as to record her dividends as salary for service to the Tabard Corporation, in order to increase her earned benefit under the plan.

41. Mrs. Cohen failed to allow the Tabard Corporation Board of Directors to weigh in on the credentials of Jack Veale to determine if he was an appropriate consultant for the ESOP, and Mrs. Cohen has failed to monitor his activities for accuracy and for reasonableness of the fees charged to the Corporation but that indirectly impact the value of plan assets.

42. By engaging in activities to ensure her continued accrual of benefits without actually working the hours, Mrs. Cohen engaged in a prohibited self-dealing to her benefit, and in violation of her fiduciary duties.

43. On information, Mrs. Cohen's actions harmed Plaintiff and other plan participants by significantly reducing the amount of employer allocations made to their accounts.

## COUNT II:
## UNLAWFUL BREACH OF FIDUCIARY DUTY: SEEKING EQUITABLE RELIEF
## UNDER ERISA §502(A)(3)

44. Plaintiff realleges and incorporates by reference the allegations set forth above. .

45. Veale is a confidant and consultant to Mrs. Cohen, Trustee to the ESOP.

46. On information, Veale has been paid for his ESOP consultation work in excess of $ 100,000.

47. On information, Veale has exercised control over plan assets by advocating and approving various changes to the Plan, and approving contracts between the Tabard Corporation and certain ESOP service providers.

48. On information, Veale has directed service providers and others engaged in ministerial tasks of plan administration to document that Mrs. Cohen actually worked 1000 hours per year in Fiscal Years 2008, 2009, 2010 and 2011 and that her dividends should be considered compensation under the plan for which her pension benefit would increase.

49. On information, Veale directed Mrs. Cohen to retaliate against Plaintiff for his exercising his co-fiduciary responsibility, and convinced Mrs. Cohen to terminate Plaintiff from his position at Tabard Inn.

50. On information and belief, Veale is indirectly charging the plan for his advice leading to imprudent plan administration and Mrs. Cohen's breaches of fiduciary duty.

51. Veale's compensation for these activities is not reasonable compensation.

## COUNT III:

## UNLAWFUL INTERFERENCE PURSUANT TO ERISA SECTION 510

52. Plaintiff realleges and incorporates by reference the allegations set forth above.

53. Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), a participant or beneficiary can bring an action "(A) to enjoin any act or practice which violates any provision of this subchapter . . . or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

54. Under ERISA § 510, it is "unlawful for any person to discharge . . . or discriminate against a participant . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan [or] subchapter. . . ." 29 U.S.C. § 1140.

55. Tabard Corporation in violation of ERISA § 510, 29 U.S.C. § 1140, terminated Plaintiff after his inquiries about possible ERISA and Internal Revenue Code violations.

56. Further, Tabard Corporation and Mrs. Cohen, are in violation of ERISA § 510, 29 U.S.C. § 1140, by terminating Plaintiff in retaliation for his inquiries about potential ERISA violations.

## COUNT IV:

## FAILURE TO PAY ACCRUED VACATION PAY (D.C. CODE § 32-1303)

57. Plaintiff realleges and incorporates by reference the allegations set forth above.

58. Plaintiff has been terminated from his positions with Defendant Tabard Corporation. Defendant Tabard Corporation, however, willfully failed to pay Plaintiff all wages owed to him, specifically his accrued vacation time. Defendant Tabard Corporation's conduct violates D.C. Code § 32-1303, which requires that, when employment is terminated, the employer shall pay the wages not later than the working day following such discharge.

59. Unused, accrued vacation pay qualifies as wages under the District of Columbia Wage Payment and Collection Act.  *Nat'l Rifle Ass'n v. Ailes*, 428 A.2d 816, 820 (D.C. 1981); *Pleitez v. Carney*, 594 F. Supp. 2d 47, 48 (D.D.C. 2009).

60. Under D.C. Code § 32-1303(4), the Plaintiff is entitled to liquidated damages in the amount of 10% of the unpaid wages per working day after the day that wages were due, or an amount equal to the amount of the unpaid wages, whichever is smaller, for Defendant Tabard Inn's failure to timely pay all wages owed upon separation of Plaintiff's employment.

61. Under D.C. Code § 32-1308, an action by an employee to recover unpaid wages and liquidated damages may be maintained in any court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated.

62. Under D.C. Code § 32-1308(b), in addition to any judgment awarded to the Plaintiff, the court may allow costs of the action, including costs or fees of any nature, and reasonable attorney's fees, to be paid by the Defendants.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests this Court to enter judgment in his favor and award the following relief:

1. An Order declaring that Mrs. Cohen breached her fiduciary duties;

2. An Order declaring that Jack Veale engaged in conduct causing breaches of fiduciary duty;

3. An Order removing Mrs. Cohen as a fiduciary to the ESOP;

4. An Order directing Jack Veale to disgorge any and all excessive compensation;

5. Court appoints an independent fiduciary to conduct a review of the plan and then appoint a Trustee to the ESOP;

6. Order Defendants to pay reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g);

7. Order for back pay, front pay, and compensatory damages for wrongful termination and interference with benefits; and

8. Award Plaintiff liquidated damages pursuant to D.C. Code § 32-1303(4);

9. Award Plaintiff reasonable attorneys' fees and court costs; and

10. Award Plaintiff such other equitable relief as this Court deems appropriate.

Dated:  November 7, 2013

Respectfully submitted,

    /s/Denise M. Clark
Denise M. Clark (420480)
Clark Law Group, PLLC
1250 Connecticut Ave, NW, Suite 200
Washington, DC 20036
Tel: (202) 293-0015
Fax: (202) 293-0115
dmclark@benefitcounsel.com